UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

E.H., et al.,                                                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:12-cv-00474-DPJ-FKB

MISSISSIPPI DEPARTMENT OF EDUCATION                                                 DEFENDANT

ORDER

This action under the Individuals with Disabilities Education Act (IDEA) is before the Court on the motion of Plaintiffs seeking conversion of Defendant's motion to dismiss to a motion for summary judgment and requesting discovery pursuant to Rule 56(d) [43].  The Court, having considered the memoranda and submissions of the parties, finds that Plaintiffs' motion should be denied.

I.        Facts and Procedural History

In September 2010, Plaintiff E.H. filed an administrative complaint with the Mississippi Department of Education (MDE) on behalf of himself and similarly situated students in the Jackson Public School District (JPS) alleging that JPS failed to provide Plaintiffs with a free and appropriate education as required by IDEA.  MDE investigated the allegations and issued a report finding that JPS had violated IDEA and ordering JPS to implement certain remedial measures.  After various corrective action plans and monitoring visits, JPS was still not in compliance, and, in May 2012, MDE ordered JPS to comply with IDEA by November 1, 2012, or lose its accreditation.  That deadline was extended twice, eventually to February 28, 2014.  As of June 30, 2013, JPS had not fully resolved the administrative complaint.

Plaintiffs filed a class action complaint [1] against MDE in this Court on July 10, 2012, alleging that MDE violated IDEA by failing to execute its supervisory and enforcement responsibilities over JPS.  Plaintiffs subsequently filed an amended complaint [7], and MDE filed a motion to dismiss [40] the amended complaint under Rule 12(b)(1) and (b)(6).  Plaintiffs now seek to covert Defendant's motion to dismiss to a motion for summary judgment and request discovery under Rule 56(d) [43].  The Court is prepared to rule on Plaintiffs' motion.

II.     Standard

Ordinarily, a court decides a motion to dismiss for failure to state a claim looking only at the face of the complaint.  *See* Fed. R. Civ. P. 12(d).  But according to the Fifth Circuit, "Rule 12(d) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1366 (1969); *Ware v. Assoc. Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)).  If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."  Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2011).

That said, some documents outside the pleadings may be considered under Rule 12(b)(6).  For example, documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and . . . central to her claim," are considered part of the pleadings.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  A district court is also permitted to rely on matters of public record when ruling on a Rule 12(b)(6) motion without converting it to a

motion for summary judgment. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

Review of a Rule 12(b)(1) motion for want of subject-matter jurisdiction is different. When deciding such motions, the Court may consider matters outside the pleadings. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

III.     Analysis

The fundamental question is whether Plaintiffs are entitled to discovery, but there are two procedural paths to the answer. According to Plaintiffs, the motion should be viewed in light of Rule 12(b)(6) and converted to one for summary judgment pursuant to Rule 12(d) so they can request discovery under Rule 56(d). But that circuitous route is not the only way Plaintiffs could obtain discovery because discovery is allowed under Rule 12(b)(1). As explained more fully below, the Court concludes that Plaintiffs have not shown a need for the discovery they seek whether the motion is viewed under Rule 12(b)(1) or Rule 12(b)(6).

A.     Exhibits Listed in Amended Complaint

Defendant attached 17 exhibits to its motion to dismiss, but the first nine—Exhibits A through I—are referenced in the Plaintiffs' Amended Complaint and are central to their claim. Plaintiffs do not seem to focus on these exhibits, and the Court agrees with Defendant that they may be properly considered whether the motion falls under Rule 12(b)(1) or Rule 12(b)(6). *See Causey*, 394 F.3d at 288.

B.     Exhibits Not Listed in Amended Complaint

The meat of the dispute rests with the remaining eight exhibits—Exhibits J through Q. Defendant argues that they pertain only to its arguments under Rule 12(b)(1) and therefore may

be considered without converting the motion under Rule 12(d). Alternatively, Defendant argues that they may be considered as matters of public record even as to its 12(b)(6) arguments. Either way, Defendant contends that no discovery is necessary. To fully understand these positions, they must be viewed in light of Defendant's grounds for dismissal. Defendant's motion to dismiss offers four: (1) IDEA does not provide a cause of action against a state education agency based upon a local agency's failure to fulfill its responsibilities, (2) IDEA does not permit judicial review of state-agency-enforcement decisions, (3) *Younger* abstention applies, and (4) Plaintiffs failed to exhaust administrative remedies. Def's Mot. to Dismiss [39] at 1–2.

According to Defendant, the former two grounds for dismissal are made under Rule 12(b)(6) and raise purely legal arguments that do not rely on the attached exhibits. The Court agrees, and the focus of the motion is now narrowed to Exhibits J through Q as they relate to Defendant's arguments for dismissal based on *Younger* abstention and failure to exhaust. As to both, Defendant claims that the exhibits may be considered without converting the motion under Rule 12(d) and allowing discovery under Rule 56(d) because the motion is based on Rule 12(b)(1). Def's Resp. [48] at 4. This raises a potentially thorny question.

1.   Whether to Apply Rule 12(b)(1) or 12(b)(6)

It is unclear whether *Younger* abstention and IDEA exhaustion are properly considered under Rule 12(b)(1) or 12(b)(6).[1] With respect to *Younger*, abstention does not fit neatly under either rule. First, *Younger* abstention is a "prudential decision" not based on a lack of jurisdiction as with Rule 12(b)(1). *Weekly v. Morrow*, 204 F.3d 613, 614–15 (5th Cir. 2000).

---

[1] Because the answer does not ultimately matter, the Court will examine this in short fashion.

But neither does abstaining suggest that the plaintiff has failed to state a claim as with Rule 12(b)(6). *See Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 n.6 (1st Cir. 2012) (identifying the issue but avoiding a ruling on which rule applies). Though the Fifth Circuit does not appear to have examined the point, district courts seem to apply Rule 12(b)(1). *See M.D. v. Perry*, 799 F. Supp. 2d 712, 715 n.3 (S.D. Tex. 2011) (recognizing issue and observing, "*Younger* abstention is 'often raised through a Rule 12(b)(1) motion.'"(citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1350 at 96–100)).

The failure-to-exhaust argument raises a similar concern. There is no dispute that IDEA requires exhaustion. 20 U.S.C. §§ 1415(i)(2)(A), (l); *see also Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992). And the Fifth Circuit has reviewed motions to dismiss IDEA claims under Rule 12(b)(1) without discussing this topic. *See Thomas v. Conroe Indep. Sch. Dist.*, 83 F. App'x 663 (5th Cir. 2003) (affirming dismissal). But whether exhaustion is jurisdictional has resulted in a circuit split. *Compare Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870–71 (9th Cir. 2011) (en banc) (holding that IDEA exhaustion is not jurisdictional), *with Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (construing exhaustion as jurisdictional). At least one district court has concluded that while questions remain, motions to dismiss IDEA claims are properly heard under Rule 12(b)(1). *Hooker v. Dallas Indep. Sch. Dist.*, No. 3:09–CV–1289–D, 2010 WL 4025877, at *6 (N.D. Tex. Oct. 13, 2010). The Court therefore concludes that Rule 12(b)(1) review is appropriate as to both grounds for dismissal, but that finding does not foreclose the possibility of discovery.

2. Whether Discovery is Warranted

Plaintiffs argue that they "need discovery to challenge the validity of factual assertions made by Defendant as it relates to its Federal Rule 12(b)(1) defenses." Pls.' Reply [49] at 9. Even with purely jurisdictional questions under Rule 12(b)(1), discovery is appropriate in some cases. *See Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). When it is, "[t]he party seeking discovery bears the burden of showing its necessity." *Id.* (citation omitted). And that party must state the particular reason why the discovery is necessary to address the issues raised in the motion to dismiss. *Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 652 (5th Cir. 2011) (finding that requested discovery did not address basis for motion). Thus, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman*, 556 F. 3d at 342.

Plaintiffs arguments for meeting that burden merge in this case with their arguments for converting the motion under Rule 12(d). The disputed exhibits are records from the state proceedings regarding Plaintiffs' claims that occurred after this suit was filed. Those documents tout efforts to address Plaintiffs' concerns and claim a significant degree of success in those efforts. Plaintiffs obviously dispute those conclusions and discount the records as nothing more than post-complaint, self-serving records that lack reliability and must be "tested" through discovery. Pls.' Reply [49] at 9.[2]

---

[2] For this same reason, Plaintiffs contend that the disputed exhibits could not be reviewed under Rule 12(b)(6) as public records, but they cite no authority directly supporting their contention. The Court finds that the public-records rule applies to the extent the motion is considered under Rule 12(b)(6).

The problem with Plaintiffs' argument is that they seek discovery to "test" factual assertions in those exhibits that are not relevant to the grounds for dismissal Defendant presents. The disputed statements go to the heart of the ultimate issue in this case—whether claimed deficiencies have been remedied. But Defendant does not challenge the merits of Plaintiffs' claim in its Rule 12(b)(1) motion and does not rely upon the findings reflected in the disputed exhibits to support any of its grounds for dismissal. Instead, Defendant offers the exhibits to merely show that state proceedings remain ongoing—an apparently undisputed issue relevant to both the abstention and failure-to-exhaust arguments. In other words, it is the existence of the ongoing proceedings and not their tentative conclusions that forms the basis of the motion. *See* Def's Mem. Supp. Mot. to Dismiss [40] at 11–14, 35–36, 47.

Plaintiffs' only real response is to observe that Defendant has referenced these statements and therefore is really pursuing the arguments even if it says it is not. Puffing aside, Defendants have disavowed any reliance on the substance of those exhibits and will be held to that position. And beyond wanting to "test" currently irrelevant factual assertions in the exhibits, Plaintiffs have not articulated any other reason why the desired discovery is necessary to respond to the arguments upon which Defendants actually rely. Accordingly, although discovery is permitted under Rule 12(b)(1), Plaintiffs have not shown that it is warranted in this case. *See Jasper*, 414 F. App'x at 652 (affirming denial of discovery that was not tailored to the issues raised in Rule 12(b)(1) motion). They likewise fail to show that the motion should be converted under Rule 12(d).

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. Having denied Plaintiffs' request to convert Defendant's motion to dismiss to a motion for summary judgment, Plaintiff's request for discovery under Rule 56(d) is denied as moot. For the foregoing reasons, Plaintiff's Motion [43] is denied. Pursuant to the Court's Order of July 9, 2013, Plaintiffs' response to Defendant's motion to dismiss is due within ten days of this order. *See* Text Only Order, July 9, 2013 (granting Mot. for Ext. of Time).

**SO ORDERED AND ADJUDGED** this the 6th day of September, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE